Alex N. Jilizian (SBN 362307)
alex@paronichlaw.com
PARONICH LAW, P.C.
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
Telephone: (213) 866-5293

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Daniel Bird, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Liberty First Lending LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT** |

**Preliminary Statement**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person

when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff Daniel Bird brings this action under the TCPA, for contacting the Plaintiff and other individuals, who, like the Plaintiff, were listed on the National Do Not Call Registry.

4. A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiff Daniel Bird is a natural person and resident of Lancaster, California, located in Los Angeles County.

6. Defendant Liberty First Lending LLC is a California limited liability company with its principal place of business located at 18500 Von Karman Avenue, Suite 500, Irvine, California 92612.

**Jurisdiction & Venue**

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Defendant because Defendant is a California limited liability company with its principal place of business in Irvine, California, within this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District for purposes of venue. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendant's transmission of unsolicited telemarketing text messages received by Plaintiff at his residence in Lancaster, California, within this District.

**TCPA Background**

10. The TCPA was passed in 1991 to help prevent unwanted telephone calls and solicitations, provide power to consumers to prevent unwanted solicitations, and rein in unrestricted telemarketing. *See* 47 U.S.C. § 227, *et seq.*

11. Relevantly, the TCPA provides private rights of action for three types of telemarketing-related conduct.

12. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13. In this rulemaking proceeding, the FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

14. Pursuant to this statutory mandate, the FCC established a national "do not call" database. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

15. This regulation is presently codified at 47 CFR 64.1200(c)(1-2).

16. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 CFR 64.1200(c)(2).

## **Factual Allegations**

17. Plaintiff Daniel Bird is a natural person and a residential telephone subscriber.

18. Plaintiff's cellular telephone number, (480) 304-XXXX, has been registered with the National Do Not Call Registry continuously since 2008.

19. Plaintiff uses his cellular telephone number for personal and residential purposes and not for business purposes.

20. Despite Plaintiff's registration on the National Do Not Call Registry, Defendant initiated, or caused to be initiated, at least three telemarketing text messages to Plaintiff's cellular telephone number.

21. The text messages started in September of 2026 and have continued.

22. Images of some of the text messages are below:


10:10
5G UC
91
(888) 612-3819
Saturday, Sep 5 • 9:32 AM
Texting with (888) 612-3819 (SMS/MMS)
Hi Daniel, this is Adam from Liberty First. You have a consolidation pre-approval with us at a rate of 5.99% for up to $75,000. Are you still interested? Reply YES for more info or STOP to opt out.
Text message

23. The text messages identified the sender as "Adam with liberty first" and solicited Plaintiff concerning loan products or lending services.

24. The text messages were transmitted for the purpose of encouraging Plaintiff to obtain financial products or services marketed under the Liberty First name.

25. At least one of the text messages contained a hyperlink directing Plaintiff to a webpage on the domain www.lib1st.com.

26. The hyperlink directed Plaintiff to a webpage associated with the marketing of lending products and services and included Plaintiff's personal information in the URL itself.

27. The text messages identified the sender as “Adam with liberty first” and directed Plaintiff to the website www.lib1st.com, which was used to promote the lending products and services offered under the Liberty First name.

28. The webpage accessed through the hyperlink contained Plaintiff’s name, telephone number, email address, and residential mailing address, demonstrating that the sender possessed Plaintiff’s personal information and used that information in connection with the solicitation of Defendant’s lending products and services.

29. Upon information and belief, Defendant Liberty First Lending LLC operated, controlled, authorized, or benefited from the marketing campaign

through which the text messages were transmitted, including the use of the Liberty First name and the www.lib1st.com website to solicit prospective customers.

30. Accordingly, Defendant initiated, authorized, or caused the transmission of the unsolicited telemarketing text messages to Plaintiff, either directly or through persons or entities acting on its behalf.

31. The text messages constituted telephone solicitations because they encouraged Plaintiff to obtain financial products or services.

32. Plaintiff did not request the telemarketing text messages and did not provide Defendant with express permission or authorization to send him the solicitations at issue.

33. Plaintiff had no established business relationship with Defendant that authorized the telephone solicitations at issue.

## Class Action Statement

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35. Plaintiff brings this action on behalf of himself and the following class (the “Class”) pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

36. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

National Do Not Call Registry Class: All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call

Registry for at least 31 days; (2) but who received more than one marketing call from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

37. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

38. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge whom this action is assigned, and any member of such judge's staff and immediate family.

39. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

40. Members of the Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

41. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

42. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

43. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

45. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. Whether Defendant's conduct constitutes a violation of the TCPA; and

c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

47. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

49. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

50. Plaintiff incorporates the allegations of the preceding paragraphs as though fully set forth herein.

51. Pursuant to 47 C.F.R. § 64.1200(c)(2), no person or entity may initiate a telephone solicitation to a residential telephone subscriber whose telephone number has been registered with the National Do Not Call Registry for at least thirty days, absent an applicable exception.

52. Pursuant to 47 C.F.R. § 64.1200(e), the National Do Not Call Registry regulations apply to telephone solicitations and telemarketing calls made to wireless telephone numbers.

53. Defendant initiated, or caused to be initiated, more than one telemarketing text message to Plaintiff and members of the National Do Not Call Registry Class within a twelve-month period, despite their telephone numbers having been registered with the National Do Not Call Registry for more than thirty days.

54. The text messages constituted telephone solicitations because they advertised, promoted, or encouraged the purchase or use of Defendant's financial products and services.

55. Defendant's conduct violated 47 C.F.R. § 64.1200(c)(2) and gives rise to a private cause of action under 47 U.S.C. § 227(c)(5).

56. Defendant's violations were willful or knowing because Defendant initiated, or caused to be initiated, repeated telephone solicitations to telephone numbers that Defendant knew or should have known were registered with the National Do Not Call Registry.

57. As a result of Defendant's violations, Plaintiff and members of the National Do Not Call Registry Class are entitled to statutory damages of $500 for each actionable violation and up to $1,500 for each violation found to be willful or knowing, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff and members of the National Do Not Call Registry Class also seek appropriate injunctive relief prohibiting Defendant from continuing to initiate unlawful telephone solicitations to telephone numbers registered with the National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

B. Awarding Plaintiff and members of the Class statutory damages of $500 for each actionable violation of the Telephone Consumer Protection Act;

C. Awarding Plaintiff and members of the Class treble statutory damages of up to $1,500 for each violation found to be willful or knowing;

D. Entering appropriate injunctive relief prohibiting Defendant and persons acting on its behalf from initiating telephone solicitations in violation of 47 C.F.R. § 64.1200(c)(2);

E. Awarding Plaintiff and members of the Class their costs of suit to the extent permitted by law; and

F. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: November 24, 2026

Respectfully Submitted,

/s/ Alex N. Jilizian
Alex N. Jilizian
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com